UNITED STATES DISTRICT COURT FILED

DISTRICT OF CONNECTICUT

2003 DEC 24  A 9: 41

U.S. DISTRICT COURT,
HARTFORD, CT.

LARRY NELSON,

       Petitioner,           :

                       :

                       :            PRISONER

     v.                 :   Case No. 3:03cv946(RNC)

                       :

WARDEN DAVID STRANGE,

                       :

       Respondent.      :

RULING AND ORDER

Petitioner, a Connecticut inmate, brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on charges of theft of a firearm, criminal possession of a firearm and larceny in the third degree. Respondent has moved to dismiss the action because petitioner has not exhausted his state court remedies with regard to all the grounds for relief asserted in the petition. For the reasons set forth below, the motion to dismiss is granted.

I. Facts

In October 1999, in the Connecticut Superior Court for the Judicial District of New Haven, petitioner pleaded guilty to one count of theft of a firearm, one count of criminal possession of a firearm, and larceny in the third degree. He was sentenced to a total effective term of imprisonment of fifty-six months followed by thirty-five months of special parole. Petitioner did not appeal the conviction within the time prescribed by state

law.

In January 2000, petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of New London.  Petitioner raised two claims: ineffective assistance of trial counsel and violation of his due process rights under the state and federal constitutions because his guilty plea for criminal possession of a firearm lacked a factual basis.  See Nelson v. Warden, CV-00-0553513-S (Conn. Super. Ct. Dec. 12, 2001) (slip op. at 1).  The trial court dismissed the petition, see id., and the Connecticut Appellate Court affirmed the dismissal in a per curiam decision.  See Nelson v. Comm'r Correction, 74 Conn. App. 912, 815 A.2d 300 (2003).  Petitioner filed a petition for certification raising only the ineffective assistance of counsel claim. In April 2003, the Supreme Court denied petitioner's appeal.  Nelson v. Comm'r of Correction, 263 Conn. 911 (2003).  Petitioner filed this action in May 2003, making two claims: (1) ineffective assistance of counsel and (2) violation of his due process rights.

II.  Discussion

The exhaustion of all available state remedies is a prerequisite to habeas corpus relief under 28 U.S.C. § 2254. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Respondent has moved to dismiss this action on the ground that petitioner has not exhausted his state court remedies with regard to the due

process claim.   In response, petitioner concedes that the due

process claim has not been exhausted.   He seeks to withdraw that

claim without prejudice and to proceed on the ineffective

assistance claim only.

When as in this case dismissal of an unexhausted claim

leaves an exhausted claim, the court has several options: (1)

proceed to adjudicate the exhausted claim; (2) stay proceedings

on the exhausted claim pending exhaustion of the other claim; or

(3) dismiss the entire petition without prejudice, thereby

enabling the petitioner to return with both claims following

exhaustion of state remedies.

In this case, it appears that petitioner prefers the first

option, that is, he would like to withdraw his unexhausted due

process claim but proceed on the ineffective assistance of

counsel claim at this time.   If that approach is taken, there is

some risk that if petitioner returns with the due process claim,

the petition containing that claim will be subject to dismissal

on procedural grounds as a second or successive petition. There

will be no such risk if both claims are dismissed without

prejudice at this time and petitioner returns with both claims

after he has fully exhausted his state remedies on the due

process claim.

III.   Conclusion

Accordingly, the due process claim is hereby dismissed

without prejudice.  The ineffective assistance of counsel claim will not be dismissed unless petitioner asks that it be dismissed without prejudice pending exhaustion of the due process claim. To be timely, any such request must be filed and served on or before January 20, 2004.

So ordered this 23rd day of December, 2003, at Hartford, Connecticut.

                                        Robert N. Chatigny
                                        United States District Judge

4