UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 24 P 4: 54

LARRY NELSON,
    Petitioner

                                PRISONER
                          CASE NO. 3:03cv946 (RNC)
v.

DAVID STRANGE,
    Respondent

## ORDER

The petitioner, Larry Nelson, is currently confined at the Carl Robinson Correctional Institution in Enfield, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1999 state court conviction on the charges of theft of a firearm, criminal possession of a firearm and larceny in the third degree. The petition includes two grounds: ineffective assistance of counsel and violation of the Due Process Clause of the Connecticut and United States Constitutions. On August 11, 2003, the respondent moved to dismiss the petition on the ground that the petitioner has not exhausted his state court remedies with regard to the second ground for relief in the petition.

On December 24, 2003, the court considered the motion to dismiss and concluded that the petitioner intended to withdraw his unexhausted due process claim, but proceed as to the exhausted ineffective assistance of counsel claim. (See doc. # 9.) The court informed the petitioner that if he chose to

proceed only as to the exhausted claim, any subsequent petition including the due process claim might be subject to dismissal as a second or successive petition. The court dismissed the petitioner's due process claim without prejudice and noted that the ineffective assistance of counsel claim would not be dismissed unless the petitioner requested that it be dismissed without prejudice to re-filing after he exhausted the due process claim. The court ordered the petitioner to file any request concerning the ineffective assistance of counsel claim on or before January 20, 2004.

To date, the petitioner has not responded to the court's order or contacted the court in any manner. Thus, the court assumes that petitioner intends to proceed on the exhausted ineffective assistance of counsel claim. The court again cautions the petitioner that if he chooses to proceed only as to the exhausted claim, with the intention of presenting the unexhausted due process claim to this court after it has been exhausted, **he will run the risk that any such subsequent petition will not be considered by this court because it will be a second or successive petition.**[1]  See 28 U.S.C. 2244(b).

---

[1] The habeas corpus statutes require that before an inmate may file a "second or successive" habeas petition in the district court, he must first apply to the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); Esposito v. United States, 135 F.3d 111, 112 (2d Cir. 1997). A petition is considered second or successive if it challenges the same

2

If the petitioner intends to proceed as to the exhausted ineffective assistance of counsel claim, he must file an amended petition including only that claim. The amended petition shall be filed on or before **April 9, 2004**. If the petitioner fails to file an amended petition within the time specified, the court will dismiss the ineffective assistance of counsel claim without prejudice and close this case. The Clerk is directed to send the petitioner an amended petition for writ of habeas corpus form with a copy of this order.

SO ORDERED this 24th day of March, 2004, at Hartford, Connecticut.

Donna F. Martinez
United States Magistrate Judge

---

conviction and the first petition was considered on the merits. See Thomas v. Superintendent/Woodbourne Corr. Fac., 136 F.3d 227, 229 (2d Cir. 1997) (per curiam). Thus, if the court considers the merits of the exhausted ineffective assistance of counsel claim raised in this petition, the petitioner cannot later assert the due process claim unless he obtains permission to file a second petition from the Second Circuit.

3