# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## AMENDED
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY

FILED

2004 APR 12 P 2: 40
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

APR 27 2004

LARRY Nelson #77725 , Petitioner,
Full Name and Prisoner Number

Case No. 3.03cv946 (RNC) (DFM)
(To be supplied
by the Court)

P.O. Box 1400, Enfield, Ct.
Complete Prison Address (Place of Confinement)

FILED

2004 MAY 14 P 4: 40
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

_____

LARRY Nelson

v.

Sieminski, John , Respondent,
(Name of Warden or authorized person
having custody of petitioner)
(Do not use *et al.*)

and

_____, Additional Respondent.
(List additional persons having custody
of petitioner, if any)

Note: If the applicant is challenging a judgment which imposed a sentence to be served
in the future, applicant must fill in the name of the state where the judgment of
conviction was entered.  If the applicant has a sentence to be served in the future under
a federal judgment, which he/she wishes to challenge, he/she should file a motion
under 28 U.S.C. § 2255, in the federal court which entered the judgment.

## CONVICTION BEING CHALLENGED

1)  Name and location of the court which entered the judgment of conviction you are challenging   Superior Court G.A.6  New Haven, Ct

2)  Date judgment of conviction was entered    10-25-1999

3)  Case number (in state court)   CR6-480978S,  CR6-480985S.

4)  Type and length of sentence imposed  25 months to Serve, plus 31 months Consecutive plus 35 months Special parole

5)  Nature of the offense involved (all counts) Theft of A Firearm, Criminal possession of a Fire ARM, Larceny Third.

6)  What was your plea? (check one)
    Not Guilty __    Guilty ✓    Nolo Contendere __

7)  If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to:

8)  If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement 56 months to Serve for possession of a Firearm 1year concurrent plus 3 years Special parole for theft of a Firearm, 1year for Lac 3rd

9)  Kind of trial (check one)    Jury __   Judge only __

10) Did you testify at trial?  Yes __   No __

## DIRECT APPEAL

11)   Did you appeal from the judgment of conviction?    Yes ___ No ___

12)   If you did not appeal, explain briefly why you did not: _____

_____

_____

    (a)    Did you seek permission to file a late appeal?  Yes ___ No ___

13)   If you did appeal, answer the following:

    (a)    Name of court: _____

    (b)    Docket number (if you know): _____

    (c)    Result (attach a copy if you have one): _____

    (d)    Date of result (if you know): _____

    (e)    Citation to the case (if you know): _____

    (f)    Grounds raised: _____

_____

_____

_____

_____

_____

14)   If your appeal was denied by the **Connecticut Appellate** Court, did you file a
petition for certification with the **Connecticut Supreme** Court?    Yes___ No ___

15)   If you sought certification, answer the following:

    (a)    Date of decision (if you know): _____

    (b)    Citation to the case (if you know): _____

    (c)    Grounds raised (or attach a copy of the petition for certification if you have

one): _____

_____

_____

16).   Did you file a petition for certiorari in the United States Supreme Court?
Yes_____ No_____

If yes, answer the following:

(a)   Docket number (if you know): _____

(b)   Result: _____

_____

(c)   Date of result (if you know): _____

(d)   Citation to the case (if you know): _____

(e)   Grounds raised: _____

_____

_____

_____

_____

## POST-CONVICTION PROCEEDINGS

17)   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any state court?    Yes ✓ No __

18)   If your answer to Question 17 was "Yes," give the following information:

(a)    FIRST petition, application or motion.

(1)    Name of court: NEW London Superior Court

(2)    Docket number (if you know): CV00-0553513

(3)    Nature of proceeding: Habeas Corpus

(4)    Grounds raised: Ineffective assitant of counsel

_____

_____

_____

_____

_____

(5)    Did you receive an evidentiary hearing on your petition, application or motion?  Yes ✓ No __

(6)    Result: Dismissed

(7)    Date of result (if you know): 12-11-2001

(8)    Did you appeal the result to the highest state court having jurisdiction?  Yes ✓ No __

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

NEW London Superior Court, 1-11-2002

_____

(9)    If you did not appeal, briefly explain why you did not: _____

5

(10)   If your appeal was decided by the Connecticut Appellate Court, did you file a petition for certification to appeal the decision to the Connecticut Supreme Court?  Yes __✓__  No ___

(11)   If you sought certification, give the citation and date of the court's decision or attach a copy of the decision.  Also attach a copy of the petition for certification or list the issues for which certification was sought.

_____

_____

_____

_____

(b)  As to any SECOND petition, application or motion, give the following information:

(1)   Name of court: _____

(2)   Docket number (if you know): _____

(3)   Nature of proceeding: _____

(4)   Grounds raised: _____

_____

_____

_____

_____

(5)   Did you receive an evidentiary hearing on your petition, application or motion?  Yes __  No __

(6)   Result: _____
(7)   Date of result (if you know): _____

(8)   Did you appeal the result to the highest state court having jurisdiction?  Yes __  No __

If you did appeal, give the name of the court where the appeal was filed,

6

the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

_____

_____

(9)     If you did not appeal, briefly explain why you did not: _____

_____

(10)     If your appeal was decided by the Connecticut Appellate Court, did you file a petition for certification to appeal the decision to the Connecticut Supreme Court? Yes ___ No ___

(11)     If you sought certification, give the citation and date of the court's decision or attach a copy of the decision. Also attach a copy of the petition for certification or list the issues for which certification was sought.

_____

_____

_____

_____

c)     As to any THIRD petition, application or motion, give the following information:

(1)     Name of court: _____

(2)     Docket number (if you know): _____

(3)     Nature of proceeding: _____

(4)     Grounds raised: _____

_____

_____

_____

_____

7

(5)    Did you receive an evidentiary hearing on your petition, application or motion?  Yes ___ No ___

(6)    Result: _____

(7)    Date of result (if you know): _____

(8)    Did you appeal the result to the highest state court having jurisdiction?  Yes ___ No ___

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

_____

_____

(9)    If you did not appeal, briefly explain why you did not: _____

_____

(10)    If your appeal was decided by the Connecticut Appellate Court, did you file a petition for certification to appeal the decision to the Connecticut Supreme Court?  Yes ___ No ___

(11)    If you sought certification, give the citation and date of the court's decision or attach a copy of the decision.  Also attach a copy of the petition for certification or list the issues for which certification was sought.

_____

_____

_____

_____

## CLAIMS

19)    State concisely every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States.  Summarize briefly the **facts** supporting each claim.  If necessary, you may attach extra pages stating additional claims and supporting facts.  You should raise in this petition all claims for relief which relate to the conviction being challenged.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.**

Ground One: _Ineffective Assistant of counsel_

_____

_____

(a)    Supporting Facts (Do not argue or cite law. Just briefly state the facts that support your claim): _In the transcript 10-7-99, page 3, line 11-20 the Judge Stated that the offer Exceed the Maximum penalty. Which prove that My attorney did not Know the Min, or Max penalty at all. The Judge, My attorney and the States attorney had a Sidebar disscussion, Which was Never Made Known to me where they reconstruct the plea agreement Which turn out to be illegal. I ask for a withdrawal of My guilty plea before Sentencing but was denied._

(b)    If you did not exhaust your state court remedies on Ground One, briefly explain why: _____

_____

(c)    Direct Appeal of Ground One:

        (1)    If you appealed from the judgment of conviction, did you raise this issue?    Yes _____    No _____

        (2)    If you did **not** raise this issue in your direct appeal, briefly explain why: _____

        _____

(d)    Post-Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state trial court?    Yes ✓    No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available:

_Habeas Corpus, New London Superior Court_

_CV00-0553513    12-11-2001, dismissed._

_____

_____

(3)    Did you receive a hearing on your motion or petition?
Yes ✓    No _____

(4)    Did you appeal from the denial of your motion or petition?
Yes ✓    No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes ✓    No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _Appellate Court_

_Hartford, Ct.  AC-22707_

_____

_____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____

_____

_____

(e)    Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _Sentence Review hearing, Habeas Corpus_

_____

_____

**Ground Two**: _____

_____

_____

(a)    Supporting Facts (Do not argue or cite law.  Just briefly state the facts that support your claim): _____

_____

_____

_____

_____

_____

_____

_____

(b)    If you did not exhaust your state court remedies on Ground Two, briefly explain why: _____

_____

(c)    Direct Appeal of Ground Two:

        (1)    If you appealed from the judgment of conviction, did you raise this issue?    Yes _____        No _____

        (2)    If you did **not** raise this issue in your direct appeal, briefly explain why: _____

        _____

(d)    Post-Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for

11

habeas corpus in a state trial court?    Yes _____    No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available:

_____

_____

_____

_____

_____

(3)    Did you receive a hearing on your motion or petition?
Yes _____    No _____

(4)    Did you appeal from the denial of your motion or petition?
Yes _____    No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes _____    No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available: _____

_____

_____

_____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____

_____

_____

(e)    Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

12

_____

_____

**Ground Three**: _____

_____

_____

(a)    Supporting Facts (Do not argue or cite law.  Just briefly state the facts that support your claim): _____

_____

_____

_____

_____

_____

_____

_____

(b)    If you did not exhaust your state court remedies on Ground Three, briefly explain why: _____

_____

(c)    Direct Appeal of Ground Three:

      (1)    If you appealed from the judgment of conviction, did you raise this issue?     Yes _____     No _____

      (2)    If you did **not** raise this issue in your direct appeal, briefly explain why: _____

      _____

(d)    Post-Conviction Proceedings:

      (1) Did you raise this issue through a post-conviction motion or petition for

habeas corpus in a state trial court?    Yes _____    No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available:

_____

_____

_____

_____

_____

(3)    Did you receive a hearing on your motion or petition?
Yes _____    No _____

(4)    Did you appeal from the denial of your motion or petition?
Yes _____    No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     Yes _____    No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _____

_____

_____

_____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____

_____

_____

(e)    Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**Ground Four:** _____

_____

_____

(a)    Supporting Facts (Do not argue or cite law.  Just briefly state the facts that support your claim): _____

_____

_____

_____

_____

_____

_____

_____

(b)    If you did not exhaust your state court remedies on Ground Four, briefly explain why: _____

_____

(c)    Direct Appeal of Ground Four:

      (1)    If you appealed from the judgment of conviction, did you raise this issue?    Yes _____    No _____

      (2)    If you did not raise this issue in your direct appeal, briefly explain why: _____

      _____

(d)    Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes _____    No _____

(2) If your answer to Question (d)(1) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available:

_____

_____

_____

_____

_____

(3)    Did you receive a hearing on your motion or petition?
Yes _____    No _____

(4)    Did you appeal from the denial of your motion or petition?
Yes _____    No _____

(5)    If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    Yes _____    No _____

(6)    If your answer to Question (d)(5) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result.  Attach a copy of the court's opinion or order, if available: _____

_____

_____

_____

(7)    If your answer to Question (d)(4) or Question (d)(5) is "No," briefly explain why you did not raise this issue: _____

_____

_____

(e)    Other Remedies: Describe any other procedures, such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

16

_____

_____

20)    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  Yes __✓__  No _____

If your answer is "No," state which grounds have not been so presented and briefly give your reason(s) for not presenting them: _____

_____

_____

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: _____

_____

_____

## SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, as amended by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214 (Apr. 24, 1996).

21)    Have you previously filed any type of petition, application or motion in a federal court regarding the conviction you challenge in this petition?  Yes _____  No ✓

If "Yes," state the name and location of the court, the case number, the type of proceeding, the issue raised, the date of the court's decision, and the result for each petition, application or motion filed.  Attach a copy of any court opinions or orders, if available: _____

_____

_____

17

_____

_____

_____

22)  If the answer to Question 21 is "Yes" and you are raising a claim that you did not presented in a prior federal petition, application or motion, have you obtained an order from the United States Court of Appeals for the Second Circuit authorizing this district court to consider this petition?   Yes ___  No ___

If "Yes," please attach a copy of the order.

23)  Do you have any petition or appeal **now pending** (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?
Yes _____    No __✓__

If "Yes," state the name and location of the court, the case number, the type of proceeding and the issues raised: _____

_____

_____

_____

_____

**LEGAL REPRESENTATION**

24)  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing _David Bachman_
_New Haven, ct._

(b) At arraignment and plea _David Bachman_
_New Haven, ct_

(c) At trial _David Bachman_

18

New Haven, Ct

(d) At sentencing David Bachman

New Haven, Ct.

(e) On appeal _____

_____

(f) In any post-conviction proceeding Bruce McIntyre

New London, ct

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

Salvatore C, Adamo   Phillipburg N.J.

25)   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes _____ No _____.

26)   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes _____ No ✓

(a)   If "Yes," give the name and location of the court that imposed the other sentence you will serve in the future:_____

_____

(b)   Give the date the other sentence was imposed: _____

(c)   Give the length of the other sentence: _____

(d)   Have your filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes _____ No _____

### TIMELINESS OF PETITION

27)   If the judgment of conviction you are challenging in this petition became final over one year ago, you must explain why the one-year statute of limitations as codified in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as codified in 28 U.S.C. § 2244(d), provides in part that:

(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

_____

_____

_____

_____

_____

_____

_____

_____

28)    Are you presently serving a sentence imposed for a conviction other than the conviction being challenged in this motion?   Yes ___    No ✓

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

*Larry Nelson*

**Petitioner's Original Signature**                        _____
                                                           Signature of Attorney (if any)

#77725                                                     _____

Petitioner's Inmate Number

                                                           _____

_____

    limitation period shall run from the latest of–
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

_____
Attorney's Full Address and
Telephone Number


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct.  28 U.S.C. § 1746; 18 U.S.C. § 1621.


Executed at _Enfield, ct_ on _4-6-04_.
             (Location)        (Date)


_Larry Nelson_
**Petitioner's Original Signature**

21

Iam sending copys of each decission that was made ot all of
the proceedings that took place in each court.
Also here is a copy of a letter that was sent to the attorney
that represent me in my habeas trial, in this letter you will
clearly see that the Assistant states Attorny ackenolage that
there was some type of harm done,
This letter was kept from me for awhile, just before i went
to my habeas hearing, my attorny gave me this letter.
So i not like iam making any of this up or filing any frivous
claims, i strongly feel that i should of had been afford the
opportunity to withdraw my plea once the plea agreement could
not be hornor.          Thankyou.



*State of Connecticut*
### DIVISION OF CRIMINAL JUSTICE
### OFFICE OF THE STATE'S ATTORNEY

**MICHAEL DEARINGTON**
STATE'S ATTORNEY

PLEASE REPLY TO:
☐ STATE'S ATTORNEY'S OFFICE
235 CHURCH STREET
NEW HAVEN, CT 06510
TELEPHONE (203) 503-6823
FAX 789-6400

☐ STATE'S ATTORNEY'S OFFICE
CAREER CRIMINAL DIVISION
234 CHURCH STREET
SUITE 402
NEW HAVEN, CT 06510
TELEPHONE (203) 789-7801
FAX 789-7849

March 21, 2001

Attorney Bruce McIntyre
Helum and McIntyre
Shaw's Cove Five, #200
New London, CT 06320
Tel: (860) 447-0447; FAX: (860) 447-0422

RE: Larry Nelson v. Warden
CV 2000-0553513 (New London)

Dear Attorney McIntyre:

I am writing to confirm our conversation about the Larry Nelson habeas at the New London status conference on Friday, March 16th. My impression was that, despite the allegations of ineffective assistance of counsel in Count One and denial of due process in Count Two of the Amended Petition the true nature of Mr. Nelson's complaint is that he, somehow, was harmed by the configuration of his sentence as it was finally imposed on 10/25/99 and that he wants his sentence reconfigured. If this is the gist of his complaint, then it may be possible to resolve the matter short of a habeas trial. If I am correct in my assessment, would you please get back to me with your client's position as to the sentence that he expected. I can then convey that information to Cecelia Weiderhold, who is the Supervisory Assistant State's Attorney in charge of GA #6, to see if the matter warrants discussion.

Best regards.

Sincerely,

*Linda N. Howe*

Linda N. Howe
Assistant State's Attorney

cc: Supervisory ASA Cecelia Weiderhold

Claim 1

Supporting facts.

On october 7-1999 i was offerd a plea bargan in exchange for a guilty
plea, before i was put to plea the judge noted on record that the plea
agreement exceed the maximum penility for the crame that i was being charge
with.

ther was a side bar with the states attorny the judge and my attorny,at this
point the judge has become part of the plea decussion,without me being aware
or advised by my attorny or the court that i couldnt plea to the time that i
was offerd. In transcript on oct-7-1999, page3 line 7 through 22 will support
this claim.

Now the court proceeding was continue where i was put to plea on the charge
of theft of a firearm 53a-212 the penilty is 1 year to serve plus 3 years of
special parole to be serve concurrent to the charge of possession of a firearm
53a-217c 56 months to serve, the judge canvass the plea and accept the plea
under these terms.All of this is supported by the transcript oct, 7-1999,the
case was continue for sentencing for oct 25-1999.

On oct,25-1999, i appear in court for sentencing, as i went before the judge
there was a different states attorny present that had nothing to do with my
case but was order by the judge to stand in for the original states attorny
who had my case who made the offerd to but was not there on the day of sentencin
before the judge handed down the sentence,he stop the proceeding and stated that
he could not sentence me to the plea agreement because it would be an illegal
sentence.

The new states attorny came up with a new proposal to reconstruct the plea,i
object and ask that my guilty plea be withdrawn and the judge ask me for what
reason should i want to withdraw me plea, at that moment the only thing i could
think of at that time was the extra parole i was expose to and my attorny didnt
help me at all,i was denied by the judge and sentence to the new proposal of
plea which i think was in violation of Connectitcut practice book rule11.

STATE OF CONNECTICUT

*29*

CV00-0553513S

LARRY NELSON, , #77725, RADGOWSKI
CORRECTIONAL INSTITUTION, 982
NORWICH NEW LONDON TURNPIKE,
UNCASVILLE, CT  06382

VS.

WARDEN, RADGOWSKI CI

SUPERIOR COURT

JUDICIAL DISTRICT OF

NEW LONDON

DECEMBER 12, 2001

PRESENT:  HON. JOSEPH PURTILL, JUDGE TRIAL REFEREE

JUDGMENT

This action, by writ of habeas corpus, claiming ineffective assistance of counsel,
came to this Court on December 17, 1999, and thence to the present time, when the
parties appeared and were at issue to the Court, as on file.

The Court, having heard the parties, finds the issues for the defendant and
dismisses the writ.

By the Court,

Chief Clerk

JEFFREY FELONY

263 Conn.                    ORDERS                            911

### STATEWIDE GRIEVANCE COMMITTEE *v.* WILLIAM L. ANKERMAN

The defendant's petition for certification for appeal from the Appellate Court, 74 Conn. App. 464 (AC 22299), is denied.

ZARELLA, J., did not participate in the consideration or decision of this petition.

*William L. Ankerman*, pro se, in support of the petition.

*Cathy A. Dowd*, assistant bar counsel, in opposition.

Decided April 10, 2003

---

### BEVERLY L. GRIMM *v.* ROBERT L. GRIMM

The defendant's petition for certification for appeal from the Appellate Court, 74 Conn. App. 406 (AC 22315), is denied.

SULLIVAN, C. J., did not participate in the consideration or decision of this petition.

*John Wayne Fox*, in support of the petition.

*Norman A. Roberts II*, in opposition.

Decided April 10, 2003

---

### LARRY NELSON *v.* COMMISSIONER OF CORRECTION

The petitioner Larry Nelson's petition for certification for appeal from the Appellate Court, 74 Conn. App. 912 (AC 22707), is denied.

*Salvatore C. Adamo*, special public defender, in support of the petition.

Certification

Pursuant to Practice book 62-7 The undersign

Certifies that a copy of the foregoing was mail to.

Joanne Sulik asa

Office of State's Attorney

300 Corporate Place,

Rock, Hill, Ct 06667

Office of the Clerk

United States District Court

915 Lafayette Boulevard,

Bridgeport, Connecticut

06604

On The 11th day of May 2004

_Larry Nelson_

LARRY NELSON #77725

P.O. Box 1400

Enfield, Ct.

06083

2

```
CR-99 0480978 S
CR-99 0480985 S
CR-99 0480986 S
MV-98 0366524 S
```

---

STATE OF CONNECTICUT,                    : SUPERIOR COURT

                   PLAINTIFF,        : JUDICIAL DISTRICT
                                 OF NEW HAVEN
                                 GA-8

         - VS -

LARRY NELSON,                            : AT NEW HAVEN

                 DEFENDANT        : OCTOBER 7, 1999

---

BEFORE

HONORABLE GARY J. WHITE,
JUDGE

A P P E A R A N C E S

FOR THE STATE,

CECELIA WEIDERHOLD, ESQ.
ASSISTANT STATE'S ATTORNEY

FOR THE DEFENDANT,

DAVID B. BACHMAN, ESQ.

Transcribed by:  Linda O'Neill
                       Court Monitor

A1

1       MS. WEIDERHOLD:  Good afternoon, Your Honor.

2       THE COURT:  Good afternoon.

3       MS. WEIDERHOLD:  Matters of Larry Nelson on Your

4  Honor's pretrial docket.

5       MR. BACHMAN:  Good afternoon, Your Honor.  David

6  Bachman for Mr. Nelson.  May prior pleas and

7  elections be withdrawn on these cases?

8       THE COURT:  All right.  Is the disposition

9  worked out?

10      MR. BACHMAN:   Yes, Your Honor.

11      THE COURT:  What's the disposition?

12      MS. WEIDERHOLD:  Yes, Your Honor.  Defendant's

13  prepared at this time to enter pleas in docket

14  number --

15      THE COURT:  Give me the line numbers again,

16  please?

17      MS. WEIDERHOLD:  I'm sorry, Your Honor.  I don't

18  have the line numbers.

19      THE COURT:  Okay.  They're on the pretrial

20  docket, is that right?

21      MS. WEIDERHOLD:  Should be on the pretrial

22  docket.  Maybe just --

23      THE COURT:  Yeah, I have them.

24      MS. WEIDERHOLD:  Yes.  Should be pretrial,

25  right, Your Honor?

26      THE COURT:  I have them.  All right.

27      MS. WEIDERHOLD:  The docket number ending in

A2

2

1    978, defendant's going to enter pleas to one count of

2    criminal possession of a firearm, one count of

3    possession of a stolen firearm.  Then in docket

4    number ending in 985, going to be entering a plea to

5    one count of larceny in the third degree.

6        Recommended to the Court to sentence him to a

7    fifty-month sentence.  That sentence to run

8    consecutive to the sentence he's currently serving,

9    to be followed by three years of special parole

10       MR. BACHMAN:  That's --

11       THE COURT:  So you're -- that's your

12   understanding?

13       MR. BACHMAN:  That's my understanding, Your

14   Honor.  We're going to ask the Court to hold off on

15   imposing sentence because he has a wedding scheduled

16   at Whalley Avenue on the 23rd and so we're asking

17   that he be put to plea, then he be brought back

18   sometime after the 23rd --

19       THE COURT:  All right.

20       MR. BACHMAN:  -- for sentence to be imposed.

21       MS. WEIDERHOLD:  I have no objection to that,

22   Your Honor.

23       THE COURT:  All right.  What date do you want?

24       MR. BACHMAN:  I think in light of the fact that

25   you're not getting any bit of that, that he loses

26   credit, I would think the 25th would be the best

27   date.          A3

3

1          THE COURT:  You want October 25th?

2          MR. BACHMAN:  Twenty-fifth, yeah.

3          THE COURT:  For sentencing.  All right.

4          Put him to plea.

5          MS. WEIDERHOLD:  On CR-6 480978 you're charged

6     with theft of a firearm, in violation of 53a-212 --

7          THE COURT:  One moment.  Before we go forward

8     here, Attorney Weiderhold, yeah, stealing a firearm's

9     a D felony, correct?

10          MS. WEIDERHOLD:  Yes, Your Honor.

11          THE COURT:  Maximum penalty's five?  Same is

12     true for criminal possession of a weapon?

13          MS. WEIDERHOLD:  Right.  You have --

14          THE COURT:  My question to counsel, both state

15     and defense, is you're asking for fifty-six months

16     plus three years of special parole.

17          MS. WEIDERHOLD:  Right.

18          THE COURT:  That exceeds the maximum penalties.

19     And with the possession of criminal firearm, I

20     believe there's a -- approach the bench, please.

21          (Whereupon side bar conference.)

22          THE COURT:  All right.

23          MS. WEIDERHOLD:  On CR-6 480978 you're charged

24     with theft of a firearm in violation of 53a-212, what

25     is your plea?

26          THE WITNESS:  Guilty.

27          MS. WEIDERHOLD:  You're also charged with

A4

4

1     criminal possession of a pistol in violation of 53a-

2     217c; what is your plea?

3         THE WITNESS:  Guilty.

4         MS. WEIDERHOLD:  On CR-6 480985 you're charged

5     with larceny in the third degree, in violation of

6     53a-124, what is your plea?

7         THE WITNESS:  Guilty.

8         THE COURT:  Before you put the facts on the

9     record, Attorney Weiderhold --

10        MS. WEIDERHOLD:  Yes, Your Honor.

11        THE COURT:  -- I just want to clarify one other

12    thing:  Defendant pled guilty to criminal possession

13    of a gun under 53a-217c.  I do not believe that

14    that's the subsection that carries a mandatory two-

15    year jail sentence.  I think that's just five years.

16        MS. WEIDERHOLD:  Right.

17        THE COURT:  Correct me if I'm wrong on that.

18    Have you got a statute for --

19        MS. WEIDERHOLD:  I think you're right, Your

20    Honor.

21        THE COURT:  Let me just double-check here if I

22    can find that.

23        (Whereupon Court and clerk aside.)

24        THE COURT:  53a-217c, no.  That doesn't carry

25    the mandatory.

26        MS. WEIDERHOLD:  That's the mandatory, Your

27    Honor.  And then --

A5

5

| 1 | THE COURT:  No.  217 -- 53a-217c doesn't carry |
| 2 | mandatory.  The other one carries a mandatory. |
| 3 | MS. WEIDERHOLD:  Right. |
| 4 | THE COURT:  All right.  Facts please? |
| 5 | Works out better for you, so -- |
| 6 | MS. WEIDERHOLD:  Yes, it does. |
| 7 | MR. BACHMAN:  Yes. |
| 8 | MS. WEIDERHOLD:  The facts were as follows: |
| 9 | With regard to the criminal possession of a firearm, |
| 10 | possession of stolen firearm, this is an incident |
| 11 | that occurred on May 26, 1999.  This defendant, along |
| 12 | with another individual, Winston Echols, broke into a |
| 13 | car that was parked in the City of New Haven, removed |
| 14 | a canvas bag from the car.  That canvas bag contained |
| 15 | several firearms.  Those firearms were then actually |
| 16 | sold for money.  (I believe to purchase narcotics by |
| 17 | the defendant, Mr. Echols.) |
| 18 | With regard to the larceny in the third degree, |
| 19 | that occurred on June 11, 1999.  This defendant was |
| 20 | found in a stolen car in the City of New Haven.  The |
| 21 | discovery occurred by New Haven Police Department who |
| 22 | were in the process of clearing the streets for |
| 23 | street cleaning, came across a motor vehicle that was |
| 24 | illegally parked, stolen out of Old Lyme.  This |
| 25 | defendant was lying across the seat of that vehicle. |
| 26 | As indicated to the Court, the recommendation to |
| 27 | the Court is to sentence the defendant to fifty-six |

A6

1    months to serve, plus three years special parole.

2    That sentence is going to run consecutive to the

3    sentence he's currently serving.  (I believe out of

4    Milford court.)

5          MR. BACHMAN:  Out of this court.

6          MS. WEIDERHOLD:  Out of this court.

7          MR. BACHMAN:  That's right.  With --

8          THE COURT:  Okay.  Madam Clerk, on the criminal

9    possession of a gun, it's going to be fifty-six

10    months to serve on that.  On the count of stealing a

11    firearm, that's one year concurrent plus three years

12    special parole.  And on the larceny third count in

13    95, that's one year concurrent.

14        So it'll be a total effective sentence the Court

15    intends to impose is fifty-six months plus three

16    years special parole, and all these sentences are

17    going to run consecutively to any sentence he's now

18    serving.

19        Is that correct, Counsel, state and defense?

20          MR. BACHMAN:  That is correct.  The only

21    other thing to add, Your Honor, is on that previous

22    sentence he had a probation that I understand that it

23    was six after two and a half.  And I understand

24    Attorney Weiderhold will be terminating the probation

25    on the previous sentence.

26          MS. WEIDERHOLD:  I will, Your Honor.

27          THE COURT:  What's the --

A7

1          MS. WEIDERHOLD:  I'll terminate the probation

2     section on that docket number.

3          THE COURT:  Okay.  We have a docket number for

4     that?

5          MS. WEIDERHOLD:  That is CR-98470135.

6          THE COURT:  Okay.  The probation in 135 is

7     ordered terminated.

8          MS. WEIDERHOLD:  I will send a fax over to the

9     Department of Probation --

10          THE COURT:  All right.

11          MS. WEIDERHOLD:  -- with the specifics on it as

12     well, Your Honor.

13          THE COURT:  The incarcerative part remains in

14     place, though.

15          MR. BACHMAN:  That's correct.

16          THE COURT:  He understands that?

17          MR. BACHMAN:  Yes.

18          THE COURT:  All right.

19  CANVASS BY THE COURT:

20     Q   Mr. Nelson, have you had any drugs, alcohol or

21  medicine that would keep you from understanding these

22  proceedings?

23     A   No.

24     Q   Have you had enough time to speak to an attorney and

25  are you satisfied with his advice?

26     A   Yes.          A8

27     Q   Based on that talk, do you understand the elements of

1    the offenses charged, the maximum and minimum penalties, and

2    the evidence the state says it has against you?

3        A    Yes.

4        Q    You understand that by pleading guilty you're giving

5    up your right to a court or a jury trial; you're also giving

6    up your right to confront and cross-examine the witnesses

7    against you; and you're giving up your right against self

8    incrimination?

9        A    Yes.

10       Q    Is anybody forcing you or threatening you to plead

11   guilty?

12       A    No.

13       Q    Did anybody promise you anything, other than a plea

14   agreement, to get you to plead guilty?

15       A    No.

16       Q    All right.  You're on a New Haven probation which I'm

17   going to terminate when I impose the sentence.  Are you on

18   any other probations, paroles, or conditional discharges?

19       A    No.

20       Q    Where were you born?

21       A    (Inaudible) New York.

22       Q    Do you understand that once I accept your pleas, you

23   can't take them back without my permission?

24       A    Yes.

25       Q    You want me to accept your pleas?

26       A    Yes.

A9

27       Q    Are the facts and claims made by the state's attorney

1    correct?

2    A    Yes.

3             THE COURT:  Does either counsel know of any

4    reason I shouldn't accept these pleas?

5             MS. WEIDERHOLD:  I know of none, Your Honor.

6             MR. BACHMAN:  I know of none.

7             THE COURT:  Both sides waive a PSI?

8             MR. BACHMAN:  Yes.

9             MS. WEIDERHOLD:  Yes, Your Honor.

10            MR. BACHMAN:  That's correct.

11            THE COURT:  Make a finding that the pleas are

12   made knowingly, intelligently and voluntarily, with

13   assistance of competent counsel.  There's an adequate

14   basis for the pleas, pleas of guilty are accepted;

15   findings of guilty may enter.  Case is going to be

16   continued until October 25th for imposition of

17   sentence at that time.

18            MR. BACHMAN:  That's correct.

19            THE COURT:  I'm going to impose a total

20   effective sentence of fifty-six months, plus three

21   years special parole, to run consecutively to any

22   sentence he's now serving, and I'm going to terminate

23   the probation in file ending 135.

24            MR. BACHMAN:  Thank you, Your Honor.  Just one

25   more brief matter that I discussed with Attorney

26   Weiderhold, which is that the state had discussed

27   with the feds whether they were interested in taking

A-10

10

1          Mr. Nelson on possession of a firearm by a felony,

2          and the representation is that they have told the

3          state that they were not interested.

4                  THE COURT:  All right, thank you.

5                  MS. WEIDERHOLD:  That's accurate, Your Honor.

6                  THE COURT:  All right.  October 25th.

7                  MR. BACHMAN:  Thank you.

8                  MS. WEIDERHOLD:  Thank you, Your Honor.

9                  THE COURT:  Disposition docket.

10                 MR. BACHMAN:  Thank you.

11

12                              *****

*All*

```
CR-99 0480978 S
CR-99 0480985 S
CR-99 0480986 S
MV-98 0366524 S
```

| | | |
|---|---|---|
| STATE OF CONNECTICUT, | : | SUPERIOR COURT |
| PLAINTIFF, | : | JUDICIAL DISTRICT OF NEW HAVEN GA-8 |
| - VS - | | |
| LARRY NELSON, | : | AT NEW HAVEN |
| DEFENDANT | : | OCTOBER 7, 1999 |

C E R T I F I C A T I O N

I hereby certify that the foregoing is a true and accurate transcription of the voice recorded proceedings in the above-entitled matter, heard before Honorable Gary J. White, Judge, at the Superior Court, at New Haven, Connecticut, on the 7th day of October 1999.

Dated at New Haven, Connecticut, this 1st day of May 2000.


_Linda O'Neill_
Linda O'Neill
Court Monitor

A12

3

SUPERIOR COURT AT G.A.6

JUDICIAL DISTRICT OF NEW HAVEN – CRIMINAL MATTERS

CR99-0480985S; CR99-0480978S  :

STATE OF CONNECTICUT        :

      VS.                    : October 25, 1999

LARRY NELSON                :

BEFORE:

    THE HONORABLE GARY WHITE, JUDGE.

A P P E A R A N C E S:

        For the State:

        JEFF DOSKOS,
        ASSISTANT STATE'S ATTORNEY

        For the Defendant:

        DAVID BACHMAN, ESQ.

A13

Meghan Gleason
Court Recording Monitor

1

MR. DOSKOS:  Calling the matters of Larry Nelson, they appear at lines two through five, Larry Nelson.  My understanding was this was a lifting of a stay, but a review of the clerk's file, the defendant had not been sentenced yet.  So, he will need to be brought up.

THE COURT:  Bring up Mr. Nelson please.

MR. DOSKOS:  And get the file from Ms. Wiederhold as to the sentence.

(Whereupon, the matter was passed and recalled later that morning.)

A14

MR. DOSKOS: Files, your Honor, on Larry Nelson.

THE COURT: All right.

MR. BACHMAN: Good morning, again, your Honor.

THE COURT: Good morning.

MR. DOSKOS: I can see from the file that the information on the clerk's file is what I believe, to be correct. The defendant entered guilty pleas in that 978 file to the charges I indicated. I believe the sentence was as follows; on the – on the criminal possession of a pistol by a convicted felon, 56 months to serve, plus three years special parole, a year to serve concurrent on theft of a firearm. That --

THE COURT: So, that would be a total effective sentence of 56 months plus three years special parole, a year concurrent on the larceny third in --

MR. DOSKOS: But that's to --

THE COURT: -- 985.

MR. DOSKOS: -- all of that is to run consecutive to his present sentence.

THE COURT: Yes.

MR. DOSKOS: And on the larceny third, one year to serve concurrent.

THE COURT: Okay.

*A15*

MR. DOSKOS:  And terminate any present probations, if I'm not mistaken, correct?

MR. BACHMAN:  That's – that's correct.  It was a – well, it was going to be a future probation.

THE COURT:  What was the docket number in that one?  This offense occurred while he was on release – supervised home release or whatever they call it.

MR. DOSKOS:  I believe it's docket number 470136, your Honor.

THE COURT:  136.

MR. BACHMAN:  It actually occurred while he was awaiting sentencing.  The -- the -- on the other one.

THE COURT:  Okay.  On file ending in 978, charge of theft of a firearm, I find you guilty, a year in jail to serve.  Charge of criminal possession of a gun, under 53a-217c, I find you guilty, 56 months in jail to serve, plus three years special parole.

Mr. Doskos, could you approach the bench, please?  Let's pass it.  Some how I think we addressed this last time.

MR. BACHMAN:  I thought we had.

(Whereupon, the matter was passed again and recalled later that morning.)

A16

MR. DOSKOS:  Recalling the matters of Larry Nelson, your Honor, two through five.

MR. BACHMAN:  Good morning, again, your Honor.

THE COURT:  Good morning.

MR. BACHMAN:  Mr. Doskos has provided me with a proposed restructuring of the plea and, in light of it, your Honor, on behalf of my client, move to withdraw his guilty plea.

THE COURT:  Okay.  We discussed this in chambers and at sidebar.  When the defendant entered his pleas to stealing a firearm and criminal possession of a gun, the intent was to impose a total effective sentence of 56 months plus three years special parole.  And the way it was originally structured, that was not possible or it would have been an illegal sentence.

We re-discussed this.  The state's attorney proposed imposing a sentence of 25 months to serve, plus 35 months of special parole for stealing a firearm, and 31 months to serve consecutive for criminal possession of a gun.  That would come out to 50 –

MR. DOSKOS:  56 months plus 35.

THE COURT:  56 months plus 35 months of special parole, which is a better – more favorable disposition for the defendant than the original.  And as far as the Court's concerned, if the sentence was harsher, then I would permit the defendant to

A17

withdraw his plea, but unless you are willing to explain to me why I should withdraw his plea, I see no reason to withdraw his plea, because the sentence is more favorable.

MR. BACHMAN:  I – from what I understand, your Honor, the – and Mr. Nelson may be able to explain this better than I, the way it will be administered by the Department of Corrections, will – does, in fact, make it less favorable to him. And Mr. Nelson, do you wish to address the Court on the issue?

MR. NELSON:  Yes.  On these sentences, your Honor, I already got two and a half.  I can do 85% on that -- of each and every consecutive sentence I would have to serve 85%.  If I had – I pleaded guilty to one term to running consecutive, I would just only have to serve 85% on that.

That would mean that I would have to complete this sentence, complete this one, and then start on this one again, and complete that it.  That's the reason why.

THE COURT:  Well, sir, the agreement here was for 56 months, plus three years of special parole.  The matter was restructured so that it's 56 months, plus 35 months of special parole.  That sentence is to run consecutive to the term you're now serving.  It is not a part of the plea bargain to determine what time credits you are going to get or how the Department of Corrections

A18

is going to calculate your release dates, that's a function of the Department of Corrections and is not a part of the plea bargain.

So, as far as that's concerned, that's a issue for the Department of Corrections, not for this Court. Anything further from anyone?

MR. NELSON: Yes, your Honor.

THE COURT: Yes, sir?

MR. NELSON: This is the reason why I –

THE COURT: That's why you want to withdraw your plea?

MR. NELSON: Yes.

THE COURT: Okay.

MR. NELSON: Because I pleading guilty under this condition – to that plea bargain, that 56 months to run consecutive.

THE COURT: And I'm telling you, sir, that that was not part of the plea-bargain. That might have been in your mind –

MR. NELSON: Hold up.

THE COURT: -- and you talked to your lawyer, but that was not part of the stated plea bargain. Anything further from anyone?

MR. BACHMAN: Nothing further.

THE COURT: Okay. Your motion to withdraw the plea is denied. In file ending in 978, to the charge of theft of a firearm, I

*A19*

find you guilty, 25 months to serve, plus 35 months of special

parole. To the charge of criminal possession of a gun, I find you

guilty, 31 months to serve consecutive.

So, the total effective sentence in file ending in 978, is 56

months, plus 35 months of special parole. That sentence is to – in

file ending in 985, to the charge of larceny in the third degree, I

find you guilty, one year in jail to serve concurrent with the

sentence in 978. So, the total effective sentence in 978 and 985, is

56 months to serve, plus 35 months of special parole.

Those sentences are to run consecutively to any sentence

he's now serving. Is the State nolling any open counts and files?

MR. DOSKOS: Yes, your Honor.

THE COURT: Nolles noted on the balance. Fees and costs

are waived.

MR. BACHMAN: Your Honor, I should -- I should just

add for the record, Mr. Nelson has asked me to, then, the – it was

originally contemplated that the 56 months would be one chunk. I

don't –

THE COURT: I'm sorry, sir?

MR. BACHMAN: That it was original contemplated that

the 56 months, that he'd be running, would be one chunk.

THE COURT: I don't understand what you mean by that.

*A20*

MR. BACHMAN:  Rather than the 25 and the 31 months. That was the original contemplation, but I – I – I, frankly, even after hearing the explanation, don't hear the difference, it might just be my –

THE COURT:  The sentence that I imposed is a more favorable sentence than he bargained for and, if the Court imposes a sentence he bargained for or something more favorable, he's not permitted to take his guilty plea.

MR. BACHMAN:  I understand.  I just wanted to make the record clear for the defendant.

THE COURT:  Thank you.

MR. BACHMAN:  Thank you.

-0-

*A21*

SUPERIOR COURT AT G.A.6

JUDICIAL DISTRICT OF NEW HAVEN – CRIMINAL MATTERS

---

CR99-0480985S; CR99-0480978S   :

STATE OF CONNECTICUT           :

      VS.                       ·  : October 25, 1999

LARRY NELSON                   :

---

C E R T I F I C A T I O N

    I, Meghan Gleason, hereby certify that the following is a true and accurate

transcript recorded at the above entitled matter heard before the Honorable Gary

White, Judge, in the Superior Court, Judicial District of New Haven, held at

G.A.6 in New Haven, Connecticut, heard on the 25th day of October, 1999.

    Dated this fifth day of June, 2000.

 

Meghan Gleason
Court Recording Monitor

A22