UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LARRY NELSON, | : | PRISONER |
| *Petitioner* | : | CASE NO. 3:03CV946(RNC)(DFM) |
| | : | |
| V. | : | |
| | : | |
| WARDEN DAVID STRANGE, | : | JULY 12, 2004 |
| *Respondent* | : | |

ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Courts, the respondent now answers the claim raised in the petitioner's Amended Petition for Writ of Habeas Corpus [Doc. 11].

**PROCEDURAL HISTORY**

1. On October 7, 1999, in the Connecticut Superior Court for the judicial district of New Haven at geographical area # 8, White, J., presiding, the petitioner entered guilty pleas to charges of theft of a firearm in violation of Connecticut General Statutes § 53a-212 and criminal possession of a pistol in violation of § 53a-217c in the matter of State v. Larry Nelson, Docket No. CR99-0480978. At the same time, he entered a plea of guilty to one count of larceny in the third degree in violation of § 53a-124 in the matter of State v. Larry Nelson, Docket No. CR99-0480985.

2. On October 25, 1999, the trial court imposed a sentence of fifty-six (56) months incarceration to be followed by thirty-five (35) months special parole. This sentence was to run consecutively to a sentence that the petitioner was then serving.

3. The petitioner did not file a direct appeal.

4.  In December 1999, the petitioner initiated state habeas corpus proceedings. <u>Larry Nelson v. Warden, Radgowski</u>, Docket No. CV00-0553513, Superior Court in the judicial district of New London. Appendix A at 29. A trial on the merits of the petitioner's claims was held on November 19, 2001. Appendix B at 2; Appendix C at 1. In a memorandum of decision dated December 11, 2001, the state habeas court denied the petitioner's claims for relief and dismissed the petition. Appendix A at 11-26.

5.  The petitioner appealed. On February 4, 2003, the Connecticut Appellate Court affirmed the judgment of the state habeas court. Appendix D; <u>Nelson v. Commissioner of Correction</u>, 74 Conn. App. 912, 815 A.2d 300 (2003) (per curiam). The petitioner then petitioned the Connecticut Supreme Court for discretionary review. Appendix E. The Connecticut Supreme Court denied that petition on April 10, 2003. Appendix F; <u>Nelson v. Commissioner of Correction</u>, 263 Conn. 911, 821 A.2d 766 (2003).

6.  The respondent admits the allegations contained in paragraphs 1-18 and 20-28 of the petition to the extent that those allegations do not conflict with the procedural history as alleged in paragraphs 1 through 5 of this Answer.

**PETITIONER'S CLAIM**

7.  The respondent denies the allegations contained in Paragraph 19 of the petition in which the petitioner claims that his state conviction is unlawful because he was denied the effective assistance of counsel. In denying this claim, the respondent relies on the state court record, the respondent's brief on appeal, and the decisions of the Connecticut Superior Court, the Connecticut Appellate Court, and the Connecticut Supreme Court.

**EXHAUSTION / PROCEDURAL DEFAULT**

8. The petitioner appears to have exhausted his claim by presenting it to the Connecticut Appellate Court on appeal and to the Connecticut Supreme Court in a petition for certification to appeal the decision of the Connecticut Appellate Court. To the extent that the petitioner's claim in this federal habeas corpus proceeding differs in any way from the claim as it was pursued in the state courts, the petitioner's failure to present his claim fairly to state courts renders federal habeas corpus relief unwarranted due to the petitioner's procedural default and/or lack of exhaustion.

**OTHER PENDING PETITIONS**

9. The respondent is not aware of any other pending challenges to the judgment of conviction under attack in the instant federal habeas corpus proceeding.

**DOCUMENTS FORWARDED TO THE COURT**

10. Copies of the following documents were forwarded to the Court in August 2003 as appendices to the respondent's Motion to Dismiss [Doc. # 6]. These documents are now incorporated by reference as appendices to this Answer.

  Appendix A  Record on appeal from the state habeas court's decision

  Appendix B  Petitioner's brief on appeal from the state habeas court's decision

  Appendix C  Respondent's brief on appeal from the state habeas court's decision

  Appendix D  Decision of the Connecticut Appellate Court on appeal from the state habeas court's decision; Nelson v. Commissioner of Correction, 74 Conn. App. 912, 815 A.2d 300 (2003)

  Appendix E  Petitioner's petition for certification to the Connecticut Supreme Court

Appendix F   Decision of the Connecticut Supreme Court denying petition for certification to appeal; <u>Nelson v. Commissioner of Correction</u>, 263 Conn. 911, 821 A.2d 766 (2003)

**TRANSCRIPTS**

11.   The proceedings of the 2001 state habeas trial were transcribed and will be filed with this Court should it request a copy for its review.  The proceedings of the petitioner's 1999 plea hearing and sentencing hearing were transcribed and will be filed with this Court should it request copies for its review.

**CONCLUSION**

12.   The petitioner cannot demonstrate that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Therefore, his petition for writ of habeas corpus must be dismissed.

Respectfully submitted,

RESPONDENT--WARDEN DAVID STRANGE


By:   _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
E-mail: JoAnne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this answer was mailed to Larry Nelson, Inmate #77725, Carl Robinson Correctional Institution, 285 Shaker Road, P.O. Box 1400, Enfield, Connecticut 06083-1400, on July 12, 2004.

_____
JO ANNE SULIK
Assistant State's Attorney