UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


LARRY NELSON,                    :
                                 :
      Petitioner,                :
                                 :        PRISONER CASE NO.
V.                               :        3:03-CV-946 (RNC)
                                 :
DAVID STRANGE, ET AL.,           :
                                 :
      Respondents.               :


RULING AND ORDER

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C.
§ 2254 based on a claim of ineffective assistance of counsel.  For
the reasons set forth below, the petition is denied.

I.   Background

Petitioner was charged in Connecticut Superior Court with
numerous felonies carrying a possible total sentence of
incarceration for 55 years.  Petitioner agreed to plead guilty to
theft of a firearm, criminal possession of a firearm, and larceny
in the third degree, on the understanding that the state's attorney
would recommend a sentence on all three charges of 56 months
followed by 36 months of special parole.  The plea was accepted.
The court then realized that the agreed upon sentence had to be
restructured to avoid exceeding the statutory maximum on the
firearm theft charge.  After discussing the matter with counsel,
the court announced that it would sentence petitioner to 25 months
on the firearm theft charge followed by 35 months of special

parole, a consecutive sentence of 31 months on the criminal possession charge, and a concurrent sentence of one year on the larceny charge, for a total effective sentence of 56 months followed by 35 months of special parole. Petitioner was dissatisfied because he thought this sentence would require him to appear before the parole board twice instead of once. At petitioner's request, his counsel moved to withdraw the plea. The motion was denied on the ground that the proposed sentence was more favorable to petitioner than the agreed upon sentence. Petitioner was then given the restructured sentence. He did not appeal.

Petitioner filed a petition for habeas corpus in Connecticut Superior Court claiming ineffective assistance of counsel. After an evidentiary hearing, the court rejected the claim on the merits. See Nelson v. Warden, CV-00-0553513-S (Conn. Super. Ct. Dec. 12, 2001). The Appellate Court affirmed, Nelson v. Warden, 74 Conn. App. 912 (2003), and the Supreme Court declined to take the case, Nelson v. Comm'r of Corr., 263 Conn. 911 (2003). Plaintiff then filed this petition.

II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 (2000), petitioner cannot obtain relief unless he shows that the state court's rejection of his ineffective assistance of counsel claim involves an unreasonable application of clearly established federal law as determined by the Supreme Court. Id. at § 2254(d)(1); Hemstreet v. Greiner, 491 F.3d

2

84, 89 (2d Cir. 2007).  He cannot make this showing.  The state court properly decided the claim based on the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984), which requires a defendant to demonstrate that his counsel's performance was seriously deficient, and that the deficiency prejudiced the defense.  466 U.S. at 687.  Under this test, petitioner has the burden of demonstrating a reasonable probability that, but for his counsel's errors, he would have refused to plead guilty and insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1984).  Based on the evidence presented at the habeas hearing, the state court reasonably concluded that petitioner had failed to sustain this burden.

III. Conclusion

Accordingly, the petition is hereby denied.  The Clerk is directed to enter judgment and close the case.

So ordered.

Dated at Hartford, Connecticut, September 29, 2007.

_____
/s/
Robert N. Chatigny
United States District Judge